R. M. Brown, Clerk, plaintiff in error, vs. L. E. Bleckley, Sol. Gen'l., defendant in error.

Under the Act of 1850, (*Cobb* 863,) Sheriffs, Solicitors General, and other collecting officers of the several counties of this State, are required to pay over to the Clerks of the Superior Courts of the several counties in this State, their proportionate amount of all moneys arising from fines and forfeitures to the oldest orders passed in their favor, for costs due on insolvent State cases; the right of retainer being given to said collecting officers, when they hold the oldest orders.

Moneys arising from fines and forfeitures in Fulton county, bound for costs due in DeKalb county, before those counties were divided.

Motion, in Fulton Superior Court, April Term, 1858, Judge Bull, presiding.

Upon the application of Robert M. Brown, Clerk of the Superior Court of DeKalb county, the Court granted the following *rule nisi*, directed to Logan E. Bleckley, Solicitor General of the Coweta Circuit, viz:

| | |
|---|---|
| Robert M. Brown, Clerk Superior Court, DeKalb county, <br> vs. <br> L. E. Bleckley, Solicitor General of Coweta Circuit. | *Rule Nisi*, in Fulton Superior Court October Term, 1856. |

On motion of counsel for plaintiff, ordered by the Court that L. E. Bleckley, Solicitor General of the Coweta Circuit, show cause to-morrow morning, or so soon as counsel can be heard, why he should not pay to plaintiff or his attorney, all monies in his hands raised from fines and forfeitures in said county, in pursuance of an order of the Superior Court of DeKalb county, passed at October Term, 1853, and an Act of the General Assembly of this State, assented to February 16th, 1854, entitled "An Act to authorize the payment of certain accounts therein specified," to be applied towards the payment of the costs due said Brown, as Clerk of the Superior Court of DeKalb county, before the passage of said Act.

### Answer of L. E. Bleckley.

Respondent answers, that he has in hand ninety-five dollars, and will pay it out as the Court shall direct. There is more than that amount due him on an order for costs granted him by the Superior Court of Fulton county. There is also a considerable balance due to B. F. Bomar, former Clerk, on an order in his favor, October 17th, 1856.

L. E. BLECKLEY, *Sol. Gen'l.*

After argument, the Court refused to make the rule abso-lute, and counsel for Brown excepted.

J. M. & W. L. CALHOUN, for plaintiff in error.

L. E. BLECKLEY, in *propria persona, contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The Clerk based his claim in this case, upon the Act of 16th February, 1854; and the Court looking to that Act alone, very properly repudiated the application. That Act was called for entirely, to meet the exigency growing out of the formation of the new county of Fulton out of the coun-ty of DeKalb. It provides, "that the accounts heretofore examined and allowed by the Judge of the Superior Courts of the Coweta Circuit, in favor of the officers of the county of DeKalb, before the organization of the county of Fulton, for costs due them, on insolvent criminal cases, and those in which the State was cast, be paid out of any moneys rais-ed from fines and forfeitures in said counties, in the order in which they were allowed." *Pamphlet Acts, p.* 827.

This Act was merely intended to secure to the officers of DeKalb county, from Fulton county, the payment of their pro-per proportion of costs which was due and owing, before Ful-ton was cut off from DeKalb ; and nothing more. So also was the Act passed on the same day, by the same Legislature, *Pamphlet Acts, p.* 108. This Act requires of Solicitors General, within their respective Circuits, to pay over at the Fall Term of the Courts, in each county, all unsettled balan-ces in their hands, to the county Treasurer.

The question in this case depends upon the construction of the Act of 1850. *Cobb* 863. And although this Act is very badly worded and punctuated, still we think the meaning is unmistakable. It provides " that from and after its passage, it shall be the duty of Sheriffs and Solicitors General, and other collecting officers of the several counties of this State,

Brown vs. Bleckley.

and they are hereby required to pay over to the Clerks of the Superior Courts of the several counties in this State, their proportionate amount of all moneys arising from fines and forfeitures to the oldest orders passed in their favor for costs due on insolvent State cases, said Sheriffs and Solicitors, reserving their proportionate amount in like manner."

This Act gives priority to the oldest orders for costs due on insolvent State cases. If of the same date, to be paid proportionally. It gives also to the officer collecting the fund, the right of retainer, should he hold the oldest lien. And the only discrimination now made under the law, is between Solicitors themselves. The incumbent is entitled to a preference, over his predecessors, where the money is collected during his Term. *Acts of* 1849—*Cobb* 363.

The Act of 1856, then makes it obligatory upon the Solitors General, to pay over all moneys arising from fines and forfeitures, to the oldest orders passed, for cost due on insolvent State cases, deducting the cost due in the particular case first. And the Act of 1854, first quoted, puts this fund, when raised in Fulton county, upon the same footing as if it had been raised in DeKalb, as to costs due, before the division of those counties. If then, Brown, the Clerk of DeKalb has older orders than the Solicitor, the Solicitor is bound under the Act of 1850, to pay the balance in his hands to the Clerk. And such is the old law and practice of the Courts. It is equitable and just, making no distinction between officers equally meritorious.

Judgment reversed.